In the Matter of PARKCHESTER APTS. CO., Respondent, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Appellant.

In the Matter of JOHN J. WHALEN, on Behalf of Himself and All Others Similarly Situated, Respondent-Appellant, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Appellants-Respondents.

In the Matter of PARKCHESTER APTS. CO., Respondent, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.

MARY WINFIELD et al., Proposed Intervenors-Appellants.

First Department, May 16, 1974.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz and Shirley Adelson Siegel of counsel), for Attorney-General of the State of New York.*

*Paul, Weiss, Rifkind, Wharton & Garrison (Simon H. Rifkind, Edward N. Costikyan and Bernard Ouziel of counsel), for Parkchester Apts. Co.*

*Harry H. Lipsig (Joseph P. Napoli of counsel), for Mary Winfield and another, proposed intervenors-appellants, amici curiae.*

STEUER, J. The three appeals, all involving the efforts of Parkchester Apts. Co. to convert to a condominium, are considered together. The appeal by Winfield and Gordon from the denial of their motion to vacate a prior judgment was taken without permission and is dismissed.

We consider first the appeal in the action of *Whalen* v. *Lefkowitz*. In this action Whalen, a tenant in the north quadrant of the Parkchester complex, seeks a review by way of an article 78 proceeding of the action of the Attorney-General in accepting for filing the plan for conversion to a condominium of that portion of the complex. It appears that the several apartment buildings making up the Parkchester ownership are divided for

management purposes into quadrants, and this particular application to convert applies to the north quadrant. The Attorney-General accepted the plan. Whalen, a tenant of a rent-controlled apartment, alleges that the plan submitted by the sponsor contains several factual misstatements, which he argues should vitiate the plan.

The initial question on this appeal is whether petitioner has standing to object to the plan. In this connection the salient facts are that petitioner is a tenant in a rent-controlled apartment and the plan submitted disclaims any right to interfere with the rent control laws (Rent, Eviction and Rehabilitation Regulations, § 55). A contention of petitioner, apparently advanced for the first time on this appeal, can be disposed of at the outset. He claims that the proceeding is brought on behalf of all tenants, whether in rent-controlled or decontrolled apartments. A class action may be maintained only by a member of the class claimed to be aggrieved. The purpose is to dispose of issues of all claimants similarly situated. There is a marked distinction between the rights of occupants of controlled and decontrolled apartments. They are not similarly situated.

It is incontrovertible that the only right of a tenant affected by conversion of a multiple dwelling to condominium status is the possessory right to occupancy of his apartment. Where that right is not affected by any conversion the tenant has no status to complain (*de Minicis* v. *148 East 83rd St.*, 15 N Y 2d 432; *Tuvim* v. *10 E. 30 Corp.*, 38 A D 2d 895; *Matter of Ortega* v. *Lefkowitz*, 66 Misc 2d 438). Special Term held otherwise on reargument on the ground that petitioner's way of life would be affected by whether or not he bought his apartment according to the condominium plan. That test is fallacious. The factual situation is the same as regards any person who contemplates purchase of an apartment in the building regardless of his prior connection with it. Of course, any purchaser, including plaintiff, would be entitled to sue if, after purchase, he discovered that he had been defrauded into making the purchase. On the other hand, no offeree has the right to prevent others from buying where their purchases will not affect any cognizable right of his own. The absence of any right to maintain the petition disposes of the other provisions in the order.

In the remaining action the sponsor in a petition in the nature of mandamus seeks to require the Attorney-General to either accept or reject for filing its plan to convert the remaining quadrants. The Attorney-General took the position that while he was of the opinion that his acceptance for filing merely certified

that the sponsor had submitted the data required by statute and did not attest to the accuracy of that data, Special Term's determination in the *Whalen* petition implied otherwise, and he was not prepared to accept the petition without further investigation. The Attorney-General's concept of his duties in this regard is quite correct (*Matter of Greenthal & Co. v. Lefkowitz*, 32 N Y 2d 457, 462). That being so, Special Term's direction that he act in the matter with reasonable dispatch is likewise correct.

Appeal by intervenors Winfield and Gordon from the order entered February 26, 1974, in New York County (SAYPOL, J.) should be dismissed, without costs.

Judgment entered January 29, 1974, in New York County (SAYPOL, J.) should be affirmed, without costs.

Order entered December 14, 1973, in Bronx County (SPECTOR, J.) should be reversed on the law and petition dismissed and summary judgment granted to respondent on dismissal of the petition, without costs.

NUNEZ, J. P., LUPIANO and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on January 29, 1974, unanimously affirmed, without costs and without disbursements.

Order, Supreme Court, Bronx County, entered on December 14, 1973, unanimously reversed, on the law, and petition dismissed and summary judgment granted to respondent Attorney-General on dismissal of the petition, without costs and without disbursements.

Appeal from the order of the Supreme Court, New York County, entered on February 26, 1974, unanimously dismissed, without costs and without disbursements.