■ In the Matter of HARBOR TOWER, INC., Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant. — Order and judgment, Supreme Court, New York County (Maresca, J.), entered May 28, 1981, which, in this CPLR article 78 proceeding, granted the petition declaring the offering plan of co-operative conversion of premises 2 Pierrepont Street, Brooklyn, New York, as duly filed, and directed respondent Attorney-General of the State of New York to issue a letter of acceptance for said filing of the plan, reversed, on the law and the facts, without costs and disbursements, and the petition dismissed. The motion by respondent Attorney-General for a preliminary injunction, pending determination of this appeal, is denied as academic. Petitioner submitted a proposed offering plan for prefiling review with the purpose of converting a 41-unit residential building into a co-operative. The applicable statute requires that the Attorney-General "shall refuse to issue a letter stating that the offering statement or prospectus * * * has been filed" when there is present an excessive number of long-term vacancies on the date of submission of the offering statement or prospectus (General Business Law, § 352-eeee, subd 3, par [a]). While petitioner maintains that there are only four vacant units, information received by respondent indicates that three additional vacant units might well exist. Petitioner's prior article 78 proceeding to compel respondent to accept for filing petitioner's offering plan was granted only to the extent of directing respondent to issue a letter or written notification stating that the offering has been filed or, in the alternative, indicating deficiencies in the offering statement or prospectus (General Business Law, § 352-e, subd 2) within 10 days after service of a copy of such judgment with notice of entry. This disposition is in accord with the holding in *Matter of Parkchester Apts. Co. v Lefkowitz* (44 AD2d 442, affd 36 NY2d 688). Judgment was entered and served on the respondent Attorney-General on December 16, 1980. Within three days of such service, the respondent issued a letter of deficiency based on excessive long-term vacancies. Petitioner instituted the second instant article 78 proceeding seeking to compel respondent to accept the plan for filing. Special Term granted the petition on the basis that the Attorney-General had failed to comply with the statutory 30-day period required to issue a letter and there was sufficient proof of bona fide leases regarding the tenancies in question. In so doing, Special Term clearly violated the law of the case delineated in the prior determination, with which respondent complied, by providing a letter of deficiencies. The Attorney-General has broad powers to effect the remedial purposes of the statute inhibiting the warehousing of vacant apartments so as to reduce the percentage requirement for conversion. It is the sponsor's burden to show an absence of the excessive vacancy factor, which burden, contrary to the findings of Special Term, was not met on this record. There appears to be a reasonable basis supporting respondent's determination not to accept the offering plan for filing and to issue a letter of deficiency. Concur — Birns, Sullivan, Lupiano and Bloom, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I would affirm. However, in my view of the situation, I concur in the denial of the preliminary injunction as academic. I believe there was sufficient proof of bona fide leases regarding the tenancies in question. Moreover the tenants' association is satisfied with the agreement that has been made, and the only point at issue is the question of the rights of the senior citizens to make their election.

In view of the fact that the order at Special Term appealed from provides direction that the respondent Attorney-General "issue a letter accepting for filing the Plan to Convert to Cooperative Ownership Premises * * * within five days of service of Notice of Entry of this Order and Judgment", the time for the running of the period during which the senior citizens can make their election is thereby extended, and, therefore, all interested parties are properly accommodated. Accordingly, there is no need for the technical interpretation which the majority memorandum presents.