■ In the Matter of PARILEX, INC., Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant. — Order and judgment (one paper), Supreme Court, New York County (Shainswit, J.), entered July 17, 1981 granting article 78 petition and adjudging that petitioner's plan of conversion to co-operative ownership has been duly filed with the New York State Department of Law, and directing respondent Attorney-General to issue a letter accepting said plan for filing, is unanimously reversed, on the law and the facts, and the matter is remanded to Special Term for further proceedings, without costs. Assuming, in petitioner's favor, that petitioner could have insisted on August 6, 1981 that the Attorney-General's 30 days to accept the plan for filing or issue a deficiency letter had expired, and thus the plan would be deemed appropriately filed, we think the 30-day provision fixed by subdivision 2 of section 352-e of the General Business law was at least waivable and that petitioner did waive it by responding to the Attorney-General's deficiency letter and requests for further information and filings and by continuing that course of conduct for several months. Accordingly, it was error to hold that the plan of conversion was deemed "filed" because of failure of the Attorney-General to object or serve a deficiency letter within 30 days (in fact at most the deficiency letter was about four days late). Concur — Murphy, P. J., Sullivan, Carro, Silverman and Fein, JJ.

■ JAY W. READ, an Infant, by His Mother and Natural Guardian, et al., Respondents, v CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, New York County (Rossetti, J.), entered on March 13, 1981, unanimously reversed, on the law and the facts, and a new trial ordered on the issue of damages only, without costs and without disbursements, unless plaintiff Jay W. Read, within 20 days after service upon him of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $150,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Murphy, P. J., Sullivan, Silverman and Fein, JJ.