■ In the Matter of 140 WEST 4TH STREET CORPORATION, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 14, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to accept for filing a proposed offering plan for the conversion of apartments to condominium ownership.

On March 24, 1988, petitioner, the owner of apartment buildings located at 140-142 West 4th Street in New York City, submitted to respondent a proposed offering plan to convert 47 of the 48 residential apartments located at the premises into condominium ownership. Submitted along with the plan was an affidavit of Aldo Piga, one of petitioner's principals, which indicated that there were no excessive long-term vacancies* at the premises. On September 1, 1988, the Department of Law advised petitioner by letter that the plan was rejected for filing because it was unable to make a finding that there were no excessive long-term vacancies at the premises, indicating specific dwelling units which were in question. Following additional submissions, respondent informed petitioner that the required statutory finding of no excessive long-term vacancies could not be made. Petitioner commenced this CPLR article 78 proceeding to compel respondent to accept the conversion plan. In a cogent decision, Supreme Court dismissed the petition. This appeal followed.

There should be an affirmance. Initially, petitioner contends that the rejection letter of September 1, 1988 stating that "[t]he Department of Law cannot make a finding of no excessive long term vacancies" was legally insufficient because it did not specify the claimed deficiency. We disagree. Contrary to petitioner's assertion, respondent is not required to demonstrate that excessive long-term vacancies exist as a prerequisite to rejecting the plan. Rather, petitioner has the burden of making submissions sufficient to permit respondent to affirmatively find that there is an *absence* of excessive long-term vacancies *(see,* General Business Law § 352-eeee [2] [e]; *Matter of Harbor Tower v Abrams,* 85 AD2d 558, *affd* 56 NY2d 740;

---

* Pursuant to General Business Law § 352-eeee (2) (e), respondent cannot approve the conversion plan if more than 10% of the dwelling units were not occupied or leased by bona fide tenants for more than five months before the conversion plan was submitted.

*see also, Matter of 44 W. 96th St. Assocs. v Abrams,* 85 AD2d 563, 564). Thus, respondent's September 1, 1988 letter was legally sufficient and timely notice pursuant to General Business Law § 352-e (2).

Next, Supreme Court properly concluded that respondent's rejection of the plan was not irrational or unreasonable *(see, Matter of Forest Vistas Co. v Abrams,* 103 AD2d 730, 731, *affd* 64 NY2d 928; *Matter of 44 W. 96th St. Assocs. v Abrams, supra).* Petitioner conceded that three apartments were long-term vacancies, and the record supports respondent's conclusion that a number of other apartments were not occupied by bona fide tenants. Apartment 16 at 142 West 4th Street had not been occupied for in excess of two years prior to the submission of the plan. Apartment 10 at 140 West 4th Street and apartment 19 at 142 West 4th Street were not primary residences of Piga and Civaco Forgione, as alleged; rather, the evidence demonstrates that these principals of petitioner merely used the apartments as offices on the occasions they visited from Italy. Similarly, apartments 9 and 11 at 140 West 4th Street were occupied by Sally Dampman, a former building superintendent who did not have a lease and was not paying rent and had in fact been terminated, with execution of the warrant of eviction stayed until June 30, 1988. Under these circumstances, the record establishes a reasonable basis for respondent's conclusion that petitioner was "warehousing" apartments.

Finally, we reject petitioner's claim that respondent should have determined whether the vacancies exceeded twice the normal average vacancy rate for the previous two years, applying the alternate test under General Business Law § 352-eeee (2) (e). As Supreme Court correctly found, petitioner's failure to submit any information regarding the average normal vacancy rate for prior years precluded application of this test.

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.