OPINION OF THE COURT
William H. Keniry, J.
This CPLR article 78 proceeding raises an important issue *201 in the area of residential condominium and cooperative conversion law which has not been specifically decided by the courts of New York. That is, whether the Attorney-General under article 23-A of the General Business Law (the Martin Act) must make his affirmative finding that an excessive number of long-term vacancies did not exist in the property to be converted within the time period prescribed in General Business Law § 352-e (2) for the notification to the sponsor of deficiencies in the offering plan. The significance of this issue becomes apparent when viewed in the context of the facts of this case.
Petitioners are the sponsors of a proposed offering plan to convert 440-450 95th Street, Brooklyn, New York, a 72-apart-ment residential building, to cooperative ownership. Seventy-one of the units are the subject of the offering; the superintendent’s unit is not part of the proposed plan. Forty-eight apartments are rent stabilized and 23 are rent controlled. The petitioners filed their offering plan seeking the approval of the Attorney-General on May 20, 1988. The proposed offering plan was submitted pursuant to General Business Law § 352-eeee and 13 NYCRR part 18. Included in the filing was an affidavit of one of the sponsors indicating that there were no vacancies in the building; that all 71 apartments were leased or occupied by bona fide tenants for more than five months prior to the filing; and that an excess number of long-term vacancies did not exist. On November 15, 1988 respondent Abrams issued a letter to the sponsors specifying 22 deficiencies. The letter noted that the attached list of deficiencies was "not intended to be comprehensive” and that the Department of Law "expressly reserves the right to note additional deficiencies”. The letter also granted the sponsors 45 days to resubmit a revised plan. Petitioners acted upon the deficiency letter by submitting revisions to the Attorney-General on March 2, 1989, March 24, 1989, April 24, 1989 and May 4, 1989. Petitioners then allege that an attorney employed by respondent thereafter verbally advised them that formal acceptance of the plan was forthcoming. However, formal acceptance never occurred based upon the Attorney-General’s finding that excessive long-term vacancies existed.
This proceeding was commenced by order to show cause signed on June 5, 1989. The petition seeks judgment directing the Attorney-General to issue a letter accepting the offering plan. The original return date of June 9, 1989 was adjourned to June 23, 1989. On June 22, 1989, the Attorney-General *202 formally rejected the plan upon the ground that he was unable to make the statutory finding that on the date the plan was submitted for filing, an excessive number of long-term vacancies did not exist. The Attorney-General stated that his investigation revealed that at least eight long-term vacancies existed in the building which exceeded the 7.1-unit maximum allowable under General Business Law § 352-eeee (2) (e) (i). The issue of potential excessive long-term vacancies was not raised in the Attorney-General’s November 15, 1988 letter.
The court’s analysis of the issue presented begins with a review of the statutes involved. Section 352-e (2) of the General Business Law provides in pertinent part: "Unless otherwise provided by regulation issued by the attorney general, the offering statement or statements or prospectus required in subdivision one of this section shall be filed with the department of law at its office in the city of New York, prior to the public offering of the security involved. No offer, advertisement or sale of such securities shall be made in or from the state of New York until the attorney general has issued to the issuer or other offerer a letter stating that the offering has been filed. The attorney general, not later than thirty days after the submission of such filing, shall issue such a letter or, in the alternative, a notification in writing indicating deficiencies in the offering statement, statements or prospectus; provided, however, that in the case of a building or group of buildings to be converted to cooperative or condominium ownership which is occupied in whole or in part for residential purposes, such letter or notification shall be issued in not sooner than four months and not later than six months from the date of submission of such filing.” Section 352-eeee (2) states that:
"The attorney general shall refuse to issue a letter stating that the offering statement or prospectus required in subdivision one of section three hundred fifty-two-e of this chapter has been filed whenever it appears that the offering statement or prospectus offers for sale residential cooperative apartments or condominium units pursuant to a plan unless * * *
"(e) The attorney general finds that an excessive number of long-term vacancies did not exist on the date that the offering statement or prospectus was first submitted to the department of law. 'Long-term vacancies’ shall mean dwelling units not leased or occupied by bona fide tenants for more than five months prior to the date of such submission to the department of law. 'Excessive’ shall mean a vacancy rate in excess of the *203 greater of (i) ten percent and (ii) a percentage that is double the normal average vacancy rate for the building or group of buildings or development for two years prior to the January preceding the date the offering statement or prospectus was first submitted to the department of law.”
Based upon these statutes, petitioners contend that the Attorney-General, by failing to raise the issue of excessive long-term vacancies within six months of the sponsors’ submission of the proposed plan, waived such objection. Respondent counters with the argument that his determination that an excessive number of long-term vacancies did exist is not a "deficiency” in the proposed offering plan but rather is an affirmative statutory finding that need only be made by him prior to the acceptance of any offering plan for filing. The Attorney-General argues that the six-month limitation set forth in section 352-e (2) does not apply to his responsibility to make the finding of no excessive long-term vacancies under section 352-eeee (2). The Attorney-General further contends that the sponsors, by filing an affidavit stating that no vacancies existed in the building, committed a fraud which in and of itself warrants rejection of the plan.
Article 23-A of the General Business Law (the Martin Act) is a disclosure statute designed to protect the public from fraudulent exploitation in the sale of real estate securities (Council for Owner Occupied Hous. v Abrams, 72 NY2d 553, 557). The Attorney-General is entrusted with the duty to insure that the informational purposes of the Martin Act are fulfilled and is delegated the power to adopt suitable rules and regulations to implement the Act (General Business Law § 352-e [6]). With respect to residential cooperatives, the Attorney-General promulgated 13 NYCRR 18.1 (g) which states as follows: "(g) Time of review. After submission of the proposed offering plan for filing, the Department of Law shall issue a letter to the sponsor or sponsor’s attorney stating that the plan is filed, or indicating deficiencies. The Department of Law shall issue such a letter for an offering plan subject to this Part no sooner than 120 days and no later than 180 days after the date of submission of the proposed offering plan. The Department of Law may issue a deficiency letter whenever it appears: (1) that the department cannot make any finding mandated by law, or (2) that the proposed offering plan is deficient in one or more respects. The Department of Law may, in its discretion, deem an offering plan as not submitted if the proposed offering plan and exhibits are incomplete and *204 therefore do not meet the requirements of section 18.2 of this Part, Procedure for Submission.” (13 NYCRR 18.1 [g].)
As respondent points out, the burden rests upon the sponsor to make available adequate information and documentation to permit the Attorney-General to affirmatively find that there is an absence of excessive long-term vacancies (see, General Business Law § 352-eeee [2]; Matter of 140 W. 4th St. Corp. v Abrams, 152 AD2d 847 [3d Dept]; Matter of Harbor Tower v Abrams, 85 AD2d 558, affd 56 NY2d 740). The recent decision of the Appellate Division, Third Judicial Department, in Matter of 140 W. 4th St. Corp. v Abrams (supra) is- not dispositive of this litigation since the facts of that case establish that the Attorney-General’s rejection of the offering plan based upon his inability to find an absence of excessive long-term vacancies occurred within six months of the plan’s filing. Both the Appellate Division (supra, at 848) and Special Term made specific reference to such fact.
In 1981, section 352-e (2) was amended (L 1981, ch 1042) to increase the maximum time from 30 days to six months in residential conversions for the Attorney-General to review proposed offering plans. This apparently was in response to the Attorney-General’s inability to review all submissions within 30 days (see, Matter of Gonkjur Assocs. v Abrams, 82 AD2d 683, 688, affd 57 NY2d 853). One of the purposes of the 1981 amendment was to allow adequate time for the Attorney-General to review an offering plan and to discourage multiple disapprovals (see, Governor’s mem, 1982 McKinney’s Session Laws of NY, at 2585; 2647 Realty Co. v Abrams, 138 Misc 2d 308).
The court holds that a violation of the excessive long-term vacancy provision is not a "deficiency” in the offering plan as contemplated by section 352-e (2) (see, Matter of Eight Cooper Equities v Abrams, 143 Misc 2d 52). However, section 18.1 (g) of the regulations (13 NYCRR 18.1 [g]) provides that the Department of Law may issue a deficiency letter whenever it appears "(1) that the department cannot make any finding mandated by law” and within the same paragraph, the regulation adopts a maximum 180-day period after date of submission for issuing such a letter. The Attorney-General must follow his own regulation in the review of any offering plan. Under the circumstances of this case, the court concludes that the respondent was required to notify the petitioners within 180 days of the filing of the proposed plan of his inability to make the required finding that an excessive number of long- *205 term vacancies did not exist on the date the offering plan was first submitted for approval. Such notification was not made in this case.
The court notes that respondent Abrams in his answer raises the issue of petitioners’ alleged fraud in submitting an allegedly false and fraudulent sponsors’ affidavit concealing the existence of long-term vacancies. Such conduct could serve as the basis of a claim that petitioner waived the protection of the six-month review limitation (see, Matter of Parilex, Inc. v Abrams, 86 AD2d 541, affd 57 NY2d 858; 2647 Realty Co. v Abrams, 138 Misc 2d 308, supra). The Attorney-General however did not base his determination on such ground and made no findings of such fraud. Thus there are no administrative findings for the court to review.
The petition is granted, without costs, to the extent the matter is remanded to the Attorney-General for further proceedings not inconsistent herewith (see, Klostermann v Cuomo, 61 NY2d 525, 540; Matter of Gonkjur Assocs. v Abrams, 57 NY2d 853, affg on opn below 82 AD2d 683, supra).
Petitioners to submit judgment with notice of settlement.