■ DAVID MAGIER et al., Appellants, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent.— Order and judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered on or about March 6, 1990, which granted respondent's cross motion to dismiss the petition, denied the CPLR article 78 application seeking to compel respondent's acceptance of the proposed offering plan for filing, and dismissed the petition, unanimously affirmed, without costs.

Petitioners as sponsors of the cooperative conversion of a residential apartment building at 157 East 81st Street in New York County, submitted a proposed offering plan to the Attorney-General on February 24, 1989. The Department of Law ultimately rejected the plan for filing on the basis that it could not determine that there were not excessive long-term vacancies as required by General Business Law § 352-eeee (2) (e). While the number of dwelling units in the building for purposes of this calculation has been disputed, there is no controversy as to the existence of at least two such vacancies or as to the proposition that a third such vacancy would provide sufficient support to sustain respondent's determination. The dispute has therefore been refined to the question of the proper treatment of apartment 3C, which unit was to be offered for sale under the proposed offering plan.

Prior to the sponsors' acquisition of the property on August 16, 1988, the apartment was occupied by the building's superintendent without any lease. Upon petitioners' acquisition of the property, the superintendent was terminated and, by agreement of September 9, 1988, he agreed to vacate the premises in return for a $20,000 payment. Pursuant thereto, he vacated the apartment on either October 7 or 15, 1988. Petitioners maintain this two- or three-week occupancy during the relevant five-month prefiling period precludes respondent's determination that this was a long-term vacancy.

The contention was properly rejected by Supreme Court. Petitioners sponsors had the burden of proof on this issue (*Matter of Harbor Tower v Abrams*, 85 AD2d 558, *affd* 56 NY2d 740). Where the occupant at no time had a lease for the unit and his brief occupancy during the relevant five-month period was subject to an agreement to vacate, there was inadequate proof that he was a bona fide tenant during that period of time within the meaning of General Business Law § 352-eeee (2) (e). *(See, Matter of 140 W. 4th St. Corp. v Abrams*, 152 AD2d 847.)

We have examined petitioners' other arguments and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.