■ In the Matter of SHARON REALTY COMPANY, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent.—Judgment, Supreme Court, New York County (Edith Miller, J.), entered on March 27, 1990, which dismissed petitioner's CPLR article 78 proceeding challenging a determination by respondent rejecting petitioner's cooperative offering plan, unanimously affirmed, without costs.

The Attorney-General is required to reject an offering plan if more than 10% of the apartments in the building are "long-term vacancies", defined as apartments vacant for more than

five months prior to the submission date of the plan (General Business Law § 352-eeee [2] [e]). Here, petitioner does not dispute that four apartments out of the 46 units in the building are long-term vacancies. The Attorney-General found that six apartments are long-term vacancies. It is undisputed that five apartments would be more than 10% of the total number of units in the building.

Competent evidence before the Attorney-General showed that one apartment was occupied by a man whose daughter, more than five months prior to the submission date, contacted the sponsor by telephone and unequivocally informed the petitioner that her father was in a nursing home and would not be returning to the apartment. Competent evidence also showed that another apartment was unoccupied for a substantial portion of the five months, and was subleased without authorization by a rent-stabilized tenant not in primary residence for the remainder of the five-month period. Accordingly, the Attorney-General had a rational basis for determining that both apartments were long-term vacancies *(Matter of Harbor Tower v Abrams,* 85 AD2d 558, *affd* 56 NY2d 740).

We decline to reach arguments predicated on facts presented for the first time to the article 78 court *(see, Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952). Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.