■ In the Matter of CARROLL MCENTEE & MCGINLEY, INC., Appellant, v DEPARTMENT OF FINANCE OF THE CITY OF NEW

York, Respondent

The gravamen of the dispute between the parties is whether petitioner is entitled to a subsidiary capital election or whether, as respondent claims, the election is invalid and it is entitled to collect a tax deficiency of $478,768.38 for the year ended December 31, 1981, as claimed in a notice of determination issued in April 1983. In June 1983, petitioner requested a hearing in order to dispute the deficiency assessment. Due in part to an ensuing audit, which took three years to complete, and to a further two-year delay in scheduling a hearing, the matter languished until the latter part of 1989. This petition was brought in February 1990, claiming that the delay in scheduling a hearing is unreasonable and in violation of petitioner's right to due process.

While the length of delay may be relevant in determining whether petitioner has suffered prejudice, "the mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). Therefore, while the delay herein is not so inordinate as to be "contrary to fundamental notions of fairness" (*Matter of Heller v Chu,* 111 AD2d 1007, 1009, *appeal dismissed* 66 NY2d 696), it is appropriate under the circumstances to require respondent to act with reasonable dispatch to render a determination in this matter (*see, Matter of Parkchester Apts. Co. v Lefkowitz,* 44 AD2d 442, *affd* 36 NY2d 688). Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.