■ 829 PARK AVENUE CORPORATION, Appellant, v VINCENT V. LA BRUNA et al., Respondents. — Judgment, Supreme Court, New York County (Nicholas Ferraro, J.), entered March 30, 1984, which, *inter alia*, enjoined defendant La Bruna from maintaining a dental practice at 829 Park Avenue as his principal office and permitted him to conduct a limited dental practice within apartment 1D at said premises, no more than two days during the week, between 8 A.M. and 8 P.M., except for emergencies, affirmed, without costs or disbursements.

We agree that the trial court did properly exercise its discretion in fashioning equitable relief to accommodate the conflicting interests of the parties and to alleviate disputes or litigation in the future. The agreement between the parties permitted defendant to use a portion of the apartment for his dental practice only so long as he maintained his principal dental office elsewhere. The trial court found that defendant did maintain his principal office at the Cabrini Medical Center and restricted defendant's professional use of the apartment to certain hours, two days per week, less than the three days per week that he had previously used the apartment for professional purposes. In an action for permanent injunctive relief, the court does have discretion to fashion relief appropriate in the circumstances. The dissent would leave the parties as they were before the action was commenced and, in that way, would further increase the possibility of disputes and litigation in the future. The view expressed in the dissent would also accord affirmative relief to defendant, a nonappealing party (*see, Hecht v City of New York,* 60 NY2d 57). Concur — Bloom, Fein and Kassal, JJ.

Carro, J. P., and Milonas, J., dissent in a memorandum by Milonas, J., as follows: In my opinion, the judgment being appealed herein should be modified to the extent of striking that portion thereof which refers to hours and days per week.

The original agreement between the parties provided that defendant, Dr. Vincent La Bruna, and his family would occupy apartment 1D and that he would utilize only a portion of the premises in connection with his dental practice and then only for so long as he maintains his principal dental offices elsewhere. In the event that Dr. La Bruna ceases to so maintain his principal dental offices elsewhere, permission to use a portion of his apartment for his dental practice will automatically terminate. The trial court determined that Dr. La Bruna was authorized by this agreement to practice dentistry at his residence so long as he had a principal office elsewhere. The court's decision did not, however, state that there had been a breach on the part of defendant. Absent such an express finding that Dr. La Bruna was in violation of the agreement, the court was not warranted in modifying or expanding that agreement in any manner, particularly since neither party requested such relief. Consequently, that portion of the order which sets forth the hours and number of days per week in which defendant may carry out his practice at home should be stricken.