OPINION OF THE COURT
 

 Simons, J.
 

 This action challenges the authority of the Attorney-General under article 23-A of the General Business Law (the Martin Act), specifically his authority to promulgate and enforce 13 NYCRR 18.3 (hh) (3) governing the conversion of rental buildings to cooperative status. The regulation requires sponsors to state in their offering plans "that prior to closing or within a reasonable period of time thereafter, sponsor will cause to be cured all violations of record as of the closing date (except violations caused by acts or omissions of tenants of the building in their own units), and will eliminate all dangerous or hazardous conditions that sponsor has notice of, and comply with all work orders from mortgagees” (13 NYCRR 18.3 [hh] [3]).
 

 Plaintiffs are the Council for Owner Occupied Housing, a not-for-profit corporation that comments upon rules, regulations and legislation affecting cooperative and condominium housing in New York, and three individual sponsors of cooperative housing. They instituted this action for declaratory judgment, successfully arguing in the courts below that the regulation exceeds the authority granted the Attorney-General by section 352-e of the General Business Law because it improperly purports to establish enforcement measures. We granted the Attorney-General leave to appeal and we now affirm, concluding that the regulation in question goes beyond the language and purpose of the statute.
 

 Article 23-A of the General Business Law governs the offer and sale of securities in and from New York State. Section 352-e of the article authorizes the Attorney-General to require sponsors of real estate syndication offerings to file an offering plan prior to selling or offering for sale real estate securities, including cooperative interests in realty
 
 (see,
 
 General Business
 
 *557
 
 Law § 352-e [1] [b]; [6]). It provides that the offering plan must include the detailed terms of the transaction "and such additional information as the attorney general may prescribe in rules and regulations” promulgated under subdivision 6 "as will afford potential investors, purchasers and participants an adequate basis upon which to found their judgment” (General Business Law § 352-e [1] [b]). Subdivision 6 (a) authorizes the Attorney-General to adopt suitable rules and regulations to carry out the provisions of the statute, including regulations concerning the method, contents and filing procedures with respect to statements required by the statute. If the offering plan filed is not adequate to satisfy the informational purpose, the Attorney-General may refuse to accept it, and thereby prevent the property from being sold or offered for sale (General Business Law § 352-e [2]).
 

 Notwithstanding these powers and our commitment to interpret the statute containing them liberally to achieve the remedial purpose intended
 
 (see, All Seasons Resorts v Abrams,
 
 68 NY2d 81, 86-87), section 352-e is not, in any sense, an omnibus enforcement statute
 
 (see, Matter of Badem Bldgs. v Abrams,
 
 70 NY2d 45). As its language and our decisions make clear, it is a disclosure statute, designed to protect the public from fraudulent exploitation in the sale of real estate securities. To that end, the required offering statement is intended to provide an adequate factual basis upon which "potential investors, purchasers and participants” can intelligently make their choice and "found their judgment” to buy or not to buy
 
 (see, id.; Matter of Whalen v Lefkowitz,
 
 36 NY2d 75, 78;
 
 Matter of Greenthal & Co. v Lefkowitz,
 
 32 NY2d 457, 462;
 
 Council for Owner Occupied Hous. v Koch,
 
 119 Misc 2d 241, 244-245,
 
 affd
 
 61 NY2d 942).
 

 The present regulation goes far beyond that purpose, however, and requires not only the disclosure of all building and code violations,
 
 *
 
 "dangerous or hazardous conditions” and all
 
 *558
 
 work orders from mortgagees but also a representation that they will be cured. Nothing in the statute authorizes the Attorney-General to require repair of a building, correction of statutory violations, or elimination of undefined conditions he finds "dangerous or hazardous”. The present regulation, by imposing such requirements, would, in effect, enable the Attorney-General to exercise extensive powers not only to enjoin sale of the real property (a power code enforcement officers do not generally possess) and prosecute code violations under the securities fraud provisions of the Martin Act for failure to state or misstating the intention to cure or eliminate building and code violations but also to preempt or interfere with the responsibilities of other regulatory agencies. There is nothing in the statutory scheme that authorizes the exercise of such powers, however, and we agree with Justice Kane, writing for the Appellate Division, that reading section 352-e to permit the Attorney-General to do so would extend the statutory language to situations not intended to be embraced by the Legislature
 
 (see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,
 
 57 NY2d 588, 595;
 
 Matter of Jones v Berman,
 
 37 NY2d 42).
 

 The Attorney-General contends that the Martin Act should be construed broadly to protect fraudulent exploitation of the public generally and that the Legislature has directed him to "oversee” the conversion of buildings to cooperative status with much the same regulatory powers as a licensing authority. He cites provisions found in other sections of the Martin Act designed to secure tenants from harassment
 
 (see, e.g.,
 
 General Business Law § 352-eeee [3], [4]) or to avoid "warehousing” of vacancies (General Business Law § 352-eeee [2] [e]) and contends that these provisions indicate section 352-e also delegates substantive powers. Section 352-e does not authorize regulatory power, however, nor does it grant the Attorney-General the power to license sponsors of real estate conversions. On the contrary, the absence of substantive provisions in section 352-e indicates that the Legislature did not intend to confer such powers on the Attorney-General and, as an executive official, he may not extend the delegated power or exercise lawmaking power vested solely in the Legislature by adopting remedial measures that exceed the authority granted by the enabling statute
 
 (see, Clark v Cuomo,
 
 66 NY2d 185, 189;
 
 Subcontractors Trade Assn. v Koch,
 
 62 NY2d 422, 429).
 

 
 *559
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs.
 

 *
 

 The Attorney-General cites a number of overlapping laws and regulations requiring multiple dwelling units to be maintained in good repair and to correct inadequate conditions (State Uniform Fire Prevention and Building Code, 9 NYCRR parts 600-611, 650-652, 1230-1234, 1240-1246, 1300; Multiple Dwelling Law §§ 4, 77-80; Multiple Residence Law §§ 4, 40-43, 170-174; New York Sanitary Code, 10 NYCRR part 21 [excludes New York City]; Administrative Code of City of New York, tit 27, chs 1, 2; Real Property Law § 235-b [1]).