3 REGO PARK GARDENS ASSOCIATES, Appellant, v REGO PARK GARDENS OWNERS, INC., Respondent.—Order of the Supreme Court, New York County (S. Fingerhood, J.), entered on September 21, 1990, which denied plaintiff's motion for summary judgment, and granted defendant's cross-motion to the extent of granting leave to amend its answer, unanimously reversed, on the law, plaintiff's motion for summary judgment is granted and the cross-motion is denied, and it is declared that plaintiff is entitled to vote its shares in the election of directors, with costs.

This declaratory judgment action involves a dispute over shareholder voting rights between plaintiff, the sponsor of a condominium apartment complex, and defendant, the cooperative corporation that owns and operates the buildings, which contain 528 apartments. At issue are the voting rights of unsold shares which still belong to the sponsor.

Under the terms of the offering plan and the proprietary lease, as long as plaintiff owns unsold shares it has the right to designate a specified number of directors prior to the election of the board of directors. If the sponsor owns 50% of

shares, it is entitled to designate three directors; while owning between 25% and 50% it is entitled to designate two directors; and while owning less than 25% it is entitled to designate one director to the five member board. The offering plan provides that the sponsor, as a holder of unsold shares, shall not exercise voting control over the board after the sponsor owns less than 50% of the outstanding shares.

In 1987, the sponsor's percentage of shares first fell under 50%, but until 1990, there was only one candidate for each director position. In the election of 1990, an insurgent slate emerged calling itself the "New Directions Group", so that there is now a contested election. The defendant cooperative corporation notified plaintiff that it would be permitted to designate the two directors it was entitled to designate by virtue of its percentage ownership of unsold shares, but would not be permitted to vote those shares in the election for the remaining three director positions.

The parties consented to a preliminary injunction allowing the present board to remain in power. Plaintiff moved for summary judgment, declaring its rights to vote the shares for the remaining directors, and permanently enjoining defendant from interfering with this right. Defendant cross-moved for a declaration that plaintiff could not participate in the election other than by designating directors because plaintiff was attempting to exercise voting control of the board and no longer owned 50% of the outstanding shares. Defendant alleges that the New Directions Group is controlled by plaintiff.

The Motion Court denied summary judgment and held that defendant was entitled to a full hearing to determine "whether the sponsor will vote its stock as a block, will obtain proxies or in any other way * * * determine the makeup of the Board of Directors." The Motion Court distinguished the authority relied on by plaintiff on the ground that in this case a controversy exists between the parties over asbestos removal costs involving litigation against the sponsor by the cooperative corporation. Specifically, the Motion Court reasoned that if the sponsor could exercise voting control over the board, it could effectively discontinue the pending litigation over asbestos removal.

Under *Semel v 6465 Realty Co.* (Sup Ct, NY County, Index No. 25824/86, *affd for reasons stated by Ciparick, J.*, 131 AD2d 335) and *Shiller v Senville* (NY County Index No. 14296/80, Schwartz, J., *affd* 84 AD2d 693) the identical restriction in an offering plan was interpreted not to bar a sponsor from voting

its shares absent a showing that the directors so elected were on the sponsor's slate of directors or were on the sponsor's payroll or received other remuneration from the sponsor. *(See, Shiller v Senville, supra.)* Here, defendant alleges that the sponsor supports the new slate, and has provided some campaign assistance, but there is no evidence of the showing required by *Semel* and *Shiller.*

We hold that a declaration should be made that plaintiff is entitled to vote its shares in the election of directors. The mere fact that new directors may be elected with the votes of the sponsor cannot, without more, be equated with exercising voting control as a matter of law. If respondent can establish that duly elected directors have breached the fiduciary duty owed to the respondent corporation, then the Business Corporation Law provides procedures for redress. *(See,* Business Corporation Law §§ 626, 720.) Similarly, if respondent can establish voting control of the newly elected board by the sponsor, in violation of the offering plan, it can seek judicial relief. On this record, respondent has failed to come forward with sufficient evidence under *Semel (supra)* and *Shiller (supra).* Appellant is therefore entitled to a declaration of its right to vote its unsold shares irrespective of its right to designate directors.

The Motion Court also erred in granting defendant leave to amend its answer to assert counterclaims challenging the validity of the director designation procedure in the offering plan and seeking a permanent injunction against such designation. One of the proposed counterclaims alleges that the director designation scheme violates the one share-one vote rule of Business Corporation Law § 612 (a), which requires: "Every shareholder of record shall be entitled at every meeting of shareholders to one vote for every share standing in his name on the record of shareholders, unless otherwise provided in the certificate of incorporation".

Respondent argues that Business Corporation Law § 612 (a) is breached by the director designation provision in that it favors the unsold shares held by the sponsor without specific authorization in the certificate of incorporation. We disagree. The director designation mechanism authorized by the offering plan removes the selection of the directors so designated from the business to be conducted at the shareholders' meeting. Therefore, section 612 (a) does not support defendant's argument. If subdivision (a) has any applicability here, it supports the sponsor's right to vote its unsold shares at the shareholders' meeting. Business Corporation Law § 612 (a), by

its terms, does not apply to the director designation procedure set forth in the offering plan inasmuch as the procedure does not infringe upon the right of any shareholder to vote equally at a shareholders' meeting. Preferences routinely created for sponsors holding unsold shares in cooperative conversion plans approved by the Attorney-General have been held not to impair the equality of voting rights of shares. *(See, Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d 32, 38, *appeal dismissed* 71 NY2d 964.)

The validity of defendant's proposed counterclaims is grounded on the assumption that power to elect a majority of directors equates with exercising voting control of the board. *Semel (supra)* and *Shiller (supra)* require a greater showing of domination before a sponsor can be deemed to exercise voting control. Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.