■ In the Matter of MAX KNOPF et al., Appellants, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. (Proceeding No. 1.) In the Matter of ISSAC NEGER et al., Appellants, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. (Proceeding No. 2.) —Harvey, J. Appeals from two judgments of the Supreme Court (Prior Jr., J.), entered July 13, 1990 in Albany County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to review two determinations of respondent rejecting for filing petitioners' sixth amendments to two offering plans for the conversion of certain premises to cooperative ownership.

Petitioners in both proceedings are shareholders and owners of two separate multiunit apartment buildings located in Kings County. At different times, the owners of each building submitted proposed "noneviction offering plans" to respondent in order to convert the apartments in the respective buildings to cooperative ownership. Respondent accepted both plans for filing, stating that "[a]ny misstatement or concealment of material fact in the literature filed renders this filing void ab initio". The acceptances also stated that "[a]ny material change of facts or circumstances affecting the property or the offering requires an immediate amendment". Both plans offered for sale shares of stock allocated to individual apartments at a wide range of prices. The lower prices were offered to certain tenants while the highest prices generally applied

to certain nontenants who might wish to purchase apartments. To declare both plans "effective" and to convert the apartments to cooperative ownership, subscription agreements had to be obtained for at least 15% of the offered units within 15 months of the acceptance dates for each plan from "bona fide tenants in occupancy or bona fide purchasers" (General Business Law § 352-eeee [2] [a], [c] [i]; see, 13 NYCRR 18.3 [r] [3]). Both plans further provided: "No across-the-board price increases or decreases affecting one or more lines of apartments or apartment models, changes in prices to tenants, advertised price changes or price increase for an individual purchaser may be effective except by filed amendment. Prices are negotiable. The Sponsor or Apartment Corporation may enter into an agreement with an individual non-tenant purchaser to sell one or more apartments at prices lower than those set forth in the Plan, without the need to file an amendment."

Thereafter, petitioners in both proceedings submitted five amendments to their respective plans to respondent for filing between July 1988 and February 1989. The substance of these amendments basically concerned such subjects as reductions in the purchase price for certain tenants and nontenants and offers for sponsor financing and other purchase incentives. About December 30, 1988 petitioners in proceeding No. 1 submitted for acceptance a sixth amendment, asserting that the plan was effective because 16 bona fide purchasers constituting over 15% of the units had allegedly been obtained. Petitioners in proceeding No. 2 also ultimately proffered for acceptance a sixth amendment, which stated that the plan was effective on February 16, 1989 because 10 purchasers constituting more than 15% of the required sales had reportedly been obtained.

After investigating these two amendments, respondent separately rejected them both on the basis that 15% of the units were not subscribed to by bona fide purchasers. Since the time during which to obtain effectiveness under both plans had elapsed, both plans were separately deemed to be "abandoned, void and of no effect". Subsequently, petitioners separately commenced these two CPLR article 78 proceedings seeking to annul respondent's determinations rejecting the sixth amendments in each plan and directing respondent to accept the two rejected amendments. Respondent separately moved to dismiss both petitions and Supreme Court ultimately granted these motions on the merits. These two appeals by both sets of

petitioners followed. Because of the similarity of issues in both proceedings, the two cases are considered together on appeal.

We affirm. In our view, respondent properly rejected petitioners' respective proposed sixth amendments and deemed the plans abandoned. We reject petitioners' principal argument to the effect that respondent exceeded his authority and was dictating the substantive terms of the plans by directing that a right of rescission be extended to nontenant purchasers who were unaware of undisclosed beneficial terms offered to certain other nontenant subscribers. In both proceedings it is apparent that petitioners offered beneficial terms to potential subscribers that were either nonnegotiable in violation of the offering plans and/or were not disclosed to other potential purchasers as required by regulation *(see,* 13 NYCRR 18.3 [t]).

Significantly, General Business Law § 352-e (1) (b) requires disclosure in such plans "as will afford potential * * * purchasers * * * an adequate basis upon which to found their judgment and shall not omit any material fact" *(see, Phoenix Tenants Assn. v 6465 Realty Co.,* 119 AD2d 427, 429; *see also,* 13 NYCRR 18.1 [b] [2], [3], [5]). The statute is intended to "achieve [a] remedial purpose" of protecting subscribers' rights *(Council for Owner Occupied Hous. v Abrams,* 72 NY2d 553, 557; *see also, 88 Assocs. v Abrams,* 159 AD2d 412, 413, *lv denied* 76 NY2d 702). Regarding amendments to the plans, the regulations provide in part that "[a]n amendment must include a representation that all material changes of facts or circumstances affecting the property or the offering are included, unless the changes were described in prior amendment(s) submitted to but not yet filed with [respondent]" (13 NYCRR 18.5 [a] [2]). Further, the regulations provide that "[i]f there is a *substantial* amendment to the offering plan that adversely affects the purchasers, sponsor must grant subscribers a right of rescission" (13 NYCRR 18.5 [a] [5] [emphasis supplied]). Significantly, a "substantial amendment" includes "the offer of new or better terms for financing the purchase price of an apartment" (13 NYCRR 18.5 [a] [7]).

Here, despite the contentions of petitioners that respondent was attempting to control the beneficial terms offered and mandate substantive terms, all that is demonstrated in these papers is that respondent was properly attempting to ensure that appropriate disclosure of all material terms be made to prospective purchasers and that any information that was given out be truthful and not misleading in conformance with law *(see, Phoenix Tenants Assn. v 6465 Realty Co., supra,* at 429). Once it was determined that petitioners failed in these

requirements, it was rational for respondent to extend a right of rescission to those purchasers not afforded the beneficial disclosure because they did not make their purchases with "an adequate basis upon which to found their judgment" (General Business Law § 352-e [1] [b]). Since the deletion of subscribers found to hold a right by rescission and other subscribers found not to be bona fide purchasers meant that petitioners had not met their respective obligations to obtain a certain amount of subscribers, respondent properly declared the plans void in the absence of unexpired time to obtain new subscribers.

Mahoney, P. J., Weiss, Levine and Mercure, JJ., concur. Ordered that the judgments are affirmed, without costs.