■ In the Matter of PARK BRIAR ASSOCIATES, Respondent, v PARK BRIAR OWNERS, INC., Appellant.—In a proceeding, *inter alia,* to vacate an election held on May 15, 1991, of the Board of Directors and officers of Park Briar Owners, Inc., Park Briar Owners, Inc., appeals from an order of the Supreme

Court, Kings County (Vinik, J.), entered January 10, 1992, which, *inter alia,* denied its motion to dismiss the proceeding and granted the petitioner's motion for a preliminary injunction barring the Board of Directors purportedly elected at the disputed election from taking certain actions on behalf of Park Briar Owners, Inc.

Ordered that the order is affirmed, with costs.

The petitioner Park Briar Associates, which initially sponsored the conversion of the Park Briar apartment building to cooperative ownership, instituted this proceeding to set aside an election of the Board of Directors of the cooperative corporation, and to declare its voting rights under the cooperative agreement. The petition alleged that the cooperative corporation, Park Briar Owners, Inc., improperly prohibited it from voting for more than three of the seven proposed board members at its annual shareholders' meeting on May 15, 1991. In an order to show cause dated July 22, 1991, the Supreme Court granted the petitioner a temporary restraining order, *inter alia,* barring the elected board from entering into or performing any contracts, entering into or performing any term of a loan agreement, spending any moneys of the corporation, including incurring any liability, terminating or attempting to terminate its proprietary lease for nonpayment of maintenance, or from enforcing monetary penalties or late fees of the corporation. Upon stipulation between the petitioner and the cooperative corporation, the temporary restraining order was modified to permit the elected board to pay ordinary operating expenses. Thereafter, the petitioner, as the holder of more than 25% of the outstanding shares, brought the instant proceeding to invalidate the May 15, 1991, election. The cooperative corporation moved to dismiss the proceeding as academic. By order entered January 10, 1992, the Supreme Court, *inter alia,* denied the motion of the cooperative corporation to dismiss the proceeding and granted a preliminary injunction extending the temporary restraining order. We affirm.

We find that the petitioner has established a likelihood of success on the merits. The cooperative corporation cannot prevent the petitioner from voting for any director unless it is shown that the director in question is on the petitioner's own slate or receives a salary or other remuneration from it *(see, Rego Park Gardens Assocs. v Rego Park Gardens Owners,* 174 AD2d 337). In this case, no such assertions have been made.

Nor do the regulations of the Attorney-General contained in

13 NYCRR 18.3 (v) (5) (i) dictate a different conclusion. Those regulations provide that if the plan for conversion to cooperative ownership is presented as, or amended to, a noneviction plan, the petitioner and other holders of unsold shares are not to exercise voting control of the Board of Directors for more than five years from closing or whenever the unsold shares constitute less than 50% of the shares, whichever is sooner.

In this case, more than five years have passed since the conversion date and the petitioner holds less than 50% of the shares. The Attorney-General has made the following comment with respect to the petitioner's attempt to control the Board of Directors: "The position of the Department of Law with regard to what constitutes board control by the petitioner involves not disenfranchisement of the petitioner but rather its inability to designate related parties to fill a majority of the board member seats. Therefore, although the petitioner may vote its shares, it may not *nominate* or *designate* more than three of the seven board members if it is no longer in control". In this case, the petitioner could only nominate three directors but had the right to vote for any number of directors. Contrary to the contention of the cooperative corporation, the restrictions on the petitioner's right to vote contained in the offering plan and by-laws are not applicable since these restrictions only apply if the petitioner holds more than 50% of the outstanding shares.

Further, the petitioner established that there was the threat of irreparable harm absent the granting of a preliminary injunction. It is responsible for 42% of any expenses incurred by the corporation, and it presented evidence to demonstrate that the cooperative corporation intended to enter into costly contracts for repairs. Substantial irreparable harm could reasonably result to the petitioner if the elected board is permitted to bind the corporation to costly long-term obligations. Accordingly, the injunction insures that the actions complained of will be prevented *(see, Pando v Fernandez,* 124 AD2d 495), and the status quo preserved during the pendency of this proceeding *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021). Contrary to the contention of the cooperative corporation, there is no evidence to suggest that it will be harmed in the interim. The preliminary injunction, as modified by stipulation, allows the elected board to continue to pay the ordinary operating expenses of the cooperative corporation. In view of the foregoing, we find that the balance of the equities are in the petitioner's favor *(see, Props For Today v Kaplan,* 163 AD2d 177).

We note that this matter should be resolved by a speedy trial. Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.