■ RUDI O. SHERBANSKY, Respondent, v 117 WEST 81ST STREET TENANTS CORP. et al., Appellants. [657 NYS2d 14] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about February 20, 1996, which granted plaintiff's motion for partial summary judgment and a preliminary injunction to the extent of directing that a special meeting of the defendant co-operative corporation be held at which a three-member board of directors would be elected, consisting of plaintiff and two members of the defendants' choosing, that plaintiff would have three votes as a board member and each additional member would have one vote, and that the books and records of the corporation be turned over to plaintiff, and denied defendants' motion to dismiss the complaint, and order, same court and Justice entered on or about October 29, 1996, which denied defendants' motion for a preliminary injunction, directed defendants to pay $216,284.08 as a portion of their maintenance, directed a reference as to other, disputed, amounts, granted plaintiff partial summary judgment on his

sixth cause of action to the extent of declaring the subject wrap-around mortgage satisfied, denied defendants' motion for an order voiding a corporate resolution taken on May 1, 1996, denied a motion for turnover of plaintiff's sublease income, and denied a motion by a non-party to intervene, unanimously affirmed, without costs. Judgment, same court and Justice entered January 21, 1997, awarding defendant co-operative corporation a total amount of $315,782.08 against the remaining defendants, unanimously modified, to the extent of reducing said amount to $266,148.08, and otherwise affirmed, without costs.

The order of February 1996 properly divested defendants of voting control of the board. The sponsor is permitted to hold a majority of board votes only during the initial five-year period (*see, Matter of Welco Assocs. v Gordon*, 174 AD2d 58, 63, *lv denied* 79 NY2d 754), and after the five years have expired, the sponsor cannot use its voting rights to elect a majority of directors nominated or designated by it (*see, Matter of Park Briar Assocs. v Park Briar Owners*, 182 AD2d 685, 687). Deeming the wrap-around mortgage satisfied was proper, since the holder defaulted in payment due on the underlying mortgage and the applicable grace period expired (*see,* 13 NYCRR 18.3 [s] [10] [ii]), and defendants failed to cure in a reasonable amount of time (*see, Gregory House Owners Corp. v Coronet Props. Co.*, 207 AD2d 695, *lv denied* 85 NY2d 810). We modify the judgment, reducing the interest amount from $99,298 to $49,634, thereby reducing the total amount awarded to $266,148.08, because calculation of interest should have been from a reasonable intermediate date (*see, Hanover Data Servs. v Arcata Natl. Corp.*, 115 AD2d 403, *lv denied* 68 NY2d 602). We have considered defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.