■ In the Matter of BOARD OF DIRECTORS OF EXECUTIVE HOUSE OWNERS, INC., et al., Respondents, v E.H. ASSOCIATES, L.P., et al., Appellants. [669 NYS2d 902] —In a hybrid proceeding pursuant to the Business Corporation Law and an action, *inter alia*, for declaratory relief, E.H. Associates, L.P., Richard H. Maidman, and Townhouse Management Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 6, 1996, as granted those branches of the petitioners' motion which were to enforce a preliminary injunction establishing an interim board of directors for Executive House Owners, Inc., and awarding interim counsel fees to the petitioners' attorneys in the sum of $25,000.

*alia,* for a judgment declaring that a board of directors containing an even number of directors violates 13 NYCRR 18.3 (v) (5) (i) and that the sponsor of the cooperative conversion of Executive House Owners, Inc., is entitled to vote its shares for one less than a majority of a seven-member board of directors, E.H. Associates, L.P., Richard Maidman, and Townhouse Management Company appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Queens County (LeVine, J.), dated March 10, 1997, entered upon a decision of the same court dated January 24, 1997, which, *inter alia,* (a) granted those branches of the petitioners' motion for partial summary judgment which were to declare that (i) a board of directors containing an even number of directors violates 13 NYCRR 18.3 (v) (5) (i), (ii) the appellant E.H. Associates, L.P., the sponsor and holder of unsold shares, may vote for only one less than a majority of the total number of directors on the board of directors, and (iii) the number of directors on the board of directors is seven and, in effect, made the requested declarations, and (b) denied their cross motion for summary judgment, and (2) so much of an order of the same court, also dated March 10, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 10, 1997, which, *inter alia,* granted the petitioners' motion for partial summary judgment, is dismissed, as that order was superseded by the second order dated March 10, 1997, made upon reargument; and it is further,

Ordered that the order made upon reargument is modified by deleting the provision thereof adhering to the court's prior determination and substituting therefor provisions denying those branches of the petitioners' motion for partial summary judgment which were to declare that (a) a board of directors containing an even number of directors violates 13 NYCRR 18.3 (v) (5) (i), (b) the appellant E.H. Associates, L.P., the sponsor and holder of unsold shares, may vote for only one less than a majority of the total number of directors on the board of directors, and (c) the number of directors on the board of directors is seven; as so modified, the order is affirmed insofar as appealed from, the order dated March 10, 1997, which, *inter alia,* granted the petitioners' motion for partial summary judgment is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment making the appropriate declarations in accordance herewith; and it is further,

Ordered that the appellants are awarded one bill of costs.

The petitioners represent the shareholders of Executive House Owners, Inc., a residential apartment building which was converted to cooperative ownership in 1986. The appellants E.H. Associates, L.P., and Richard Maidman, its principal (hereinafter the sponsor) sponsored the conversion of Executive House Owners, Inc., to cooperative ownership. At an annual shareholders meeting in 1992, a proposal, introduced by the sponsor, was passed to reduce the number of directors on the board of directors from seven to six. Thereafter, at a 1995 shareholders meeting, six directors were elected to the board. Three directors were sponsor designees and the remaining three were not affiliated with the sponsor.

The petitioners commenced this action, *inter alia*, for declarations that the even-numbered board of directors violates 13 NYCRR 18.3 (v) (5) (i) and that the shareholders have the right to elect a majority of the board of directors and the sponsor may only elect one less than a majority of a seven-member board. The Supreme Court, *inter alia*, granted the petitioners' motion for partial summary judgment, declaring that an even-numbered board of directors violates 13 NYCRR 18.3 (v) (5) (i) and that the sponsor is entitled to vote its shares for one less than a majority of a seven-member board of directors. This appeal ensued.

The regulation at issue provides, in pertinent part, that the sponsor "must agree not to exercise voting control of the board of directors for more than five years from closing, or whenever the unsold shares constitute less than 50 percent of the shares, whichever is sooner" (13 NYCRR 18.3 [v] [5] [i]). It was promulgated under the Martin Act (General Business Law § 352-e) as merely "a disclosure statute, designed to protect the public from fraudulent exploitation in the sale of real estate securities" (*Counsel for Owner Occupied Hous. v Abrams*, 72 NY2d 553, 557). The purpose of the regulation is to provide that the offering plan contains assurances by the sponsor that it will, *inter alia*, ultimately relinquish voting control over the board of directors. Thus, the proper inquiry in this regard is whether the resolution reducing the size of the board of directors was violative of the offering plan, rather than the regulation. Therefore, the Supreme Court erred when it declared that the resolution which reduced the size of the board of directors from seven members to six members violated the regulation (*see, Counsel for Owner Occupied Hous. v Abrams, supra*). Accordingly, that branch of the petitioners' motion which sought summary judgment on this issue should have been denied. As the offering plan at issue was not made part of the record, this

Court is unable to determine if the sponsor's conduct was proper.

Furthermore, as the sponsor has established that the number of unsold shares constitutes less than 50% of the outstanding shares, the voting restriction provisions cited by the parties are inapplicable and the court's declaration that the sponsor is limited to voting its shares for one less than a majority of the board of directors was improper (*see, Matter of Park Briar Assocs. v Park Briar Owners*, 182 AD2d 685).

We have reviewed the appellants' remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.