■ In the Matter of VISUTTON ASSOCIATES et al., Appellants, v ANITA TERRACE OWNERS, INC., et al., Respondents. [678 NYS2d 275] —In a proceeding pursuant to Business Corporation Law §§ 611 and 619, *inter alia*, to certify that Peter Mesos, Leonard Zangas, Sandra Cortese, Howard Schwartz, Anthony Smalls, Roberto Cortes, and Larry Howard constitute the Board of Directors of Anita Terrace Owners, Inc., elected at an election held on November 6, 1997, the petitioners appeal from (1) a decision of the Supreme Court, Queens County (Thomas, J.), dated December 18, 1997, and (2) a judgment of the same court, entered January 13, 1998, which, *inter alia*, nullified the election of the Board of Directors and directed that a new election be held and granted the respondents' cross petition to the extent of declaring that the petitioner Visutton Associates may not vote its unsold shares for more than one less than the majority of directors to be elected.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

On November 6, 1997, a shareholders meeting was held to elect the Board of Directors of the respondent Anita Terrace Owners, Inc., a residential cooperative. After the petitioner Visutton Associates (the sponsor) designated its three members to the Board of Directors, six shareholder tenants were nominated to be elected for the four remaining shareholder tenant positions. The sponsor submitted a ballot attempting to vote its shares for the four remaining positions on the Board of Directors. The Inspectors of Election refused to count the sponsor's votes on the ground that under the by-laws the sponsor could only vote its shares for one less than a majority of the Board of Directors and, thereafter, announced that the four shareholder tenants elected to the Board of Directors were Howard Schwartz, Anthony Smalls, Bernadette Pereira, and Simon Leviashvili.

The petitioners thereafter brought the instant proceeding, *inter alia*, to nullify the election and to certify that Peter Mesos, Leonard Zangas, Sandra Cortese, Howard Schwartz, Anthony Smalls, Roberto Cortes, and Larry Howard were duly elected and constitute the Board of Directors of Anita Terrace Owners, Inc. The respondents cross-moved, *inter alia*, to certify that the Board of Directors consisted of, among others, the shareholder tenants whom the Inspectors of Election had

determined were duly elected and to declare that the sponsor's voting rights were restricted by a provision in the offering plan which provided that once the sponsor owned less than 50% of the outstanding shares or after the fifth anniversary of the first closing, whichever occurred first, the sponsor could vote its unsold shares for not more than one less than a majority of the directors to be elected.

Contrary to the petitioners' arguments, the Supreme Court properly interpreted the documentary evidence in issuing a declaration that the sponsor may not vote its unsold shares for more than one less than the majority of directors to be elected. The restrictions on the sponsor's right to vote contained in the offering plan were correctly determined to be applicable and no provision of the by-laws is inconsistent therewith (see, Matter of Flagg Ct. Realty Co. v Flagg Ct. Owners Corp., 230 AD2d 740; Matter of Park Briar Assocs. v Park Briar Owners, 182 AD2d 685, 687; Sherbansky v 117 W. 81st St. Tenants Corp., 238 AD2d 246, 247). The provisions do not prohibit the sponsor from voting all its shares; they merely bar the sponsor from obtaining control of the board under certain circumstances.

The Supreme Court properly directed that a new election be held. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.