■ TARIQ MUNDIYA et al., Appellants, et al., Plaintiff, v LARS BEATTIE et al., Respondents. [768 NYS2d 603]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered July 1, 2002, which denied plaintiffs' motion for summary judgment on their first and second causes of action, granted defendant Andrei Tudoran's cross motion for summary judgment, and declared that the election for the condominium board of 262 Mott Street held May 31, 2000 was valid, unanimously affirmed, without costs.

Supreme Court properly interpreted the condominium bylaws to restrict the sponsor to the election of no more than two directors "by reason of" its vote of unsold shares. The restriction is clearly applicable, and plaintiffs have not identified any contrary bylaw or conflicting regulation (*see Matter of Visutton Assoc. v Anita Terrace Owners*, 254 AD2d 295, 296 [1998], *lv denied* 93 NY2d 803 [1999]; *Matter of Flagg Ct. Realty Co. v Flagg Ct. Owners Corp.*, 230 AD2d 740 [1996]; *cf. Rego Park Gardens Assoc. v Rego Park Gardens Owners*, 174 AD2d 337 [1991], *lv denied* 78 NY2d 859 [1991]). The bylaws do not prohibit the sponsor from casting all its votes, but merely bar the sponsor from obtaining control of the board under certain circumstances (*see Matter of Visutton* at 296).

We have considered the parties' remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.