■ In the Matter of 300 OCEAN OWNERS CORP. et al., Respondents, v MEIR BOUSKILA et al., Respondents, and ROLAND McDOWELL, Appellant. [892 NYS2d 406]—

In a proceeding pursuant to Business Corporation Law § 619, inter alia, to confirm the election of certain members of the Board of Directors of 300 Ocean Owners Corp., Roland McDowell appeals from so much of an order of the Supreme Court, Kings County (Martin, J.), dated July 18, 2008, as granted that branch of the petition which was for a judgment declaring that he was not qualified to be elected to the Board of Directors of 300 Ocean Owners Corp. at its annual meeting on February 12, 2008, and denied that branch of his cross motion which was for

a judgment declaring that he was qualified to be elected to the Board of Directors of 300 Ocean Owners Corp. at its annual meeting on February 12, 2008.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petition which was for a judgment declaring that Roland McDowell was not qualified to be elected to the Board of Directors of 300 Ocean Owners Corp. at its annual meeting on February 12, 2008; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A cooperative corporation cannot prevent the sponsor or its successor as holder of the unsold shares from voting for any director unless "it is shown that the director" (*Matter of Park Briar Assoc. v Park Briar Owners*, 182 AD2d 685, 686 [1992]) is part of a slate prepared by the holder of the unsold shares or "receives a salary or other remuneration from it" (*id.*; *see Matter of Welco Assoc. v Gordon,* 174 AD2d 58 [1992]; *Rego Park Gardens Assoc. v Rego Park Gardens Owners,* 174 AD2d 337 [1991]). The question in this case is whether the appellant, by accepting a mortgage loan for the purchase of shares allocated to a cooperative apartment from a holder of the unsold shares, received remuneration as a matter of law, disqualifying him from being elected to the Board of Directors of 300 Ocean Owners Corp. (hereinafter the Board of Directors). The Supreme Court found that "whether or not the mortgage . . . was at a favorable rate or whether he could have obtained a comparable mortgage elsewhere, in accepting the mortgage, he did, in fact, receive (and continues to receive) something of value from a holder of unsold shares," thus rendering him not qualified to be elected to the Board of Directors.

In the hands of a mortgage creditor, a mortgage is, in the words of the Supreme Court, "something of value," since it can be bought, sold, or transferred as part of a property settlement, and even used as collateral for another loan (*see Keane v Keane,* 8 NY3d 115 [2006]; *Matter of Roll v D'Elia,* 167 AD2d 545 [1990]; *GIT Indus. v Rose,* 81 AD2d 656 [1981]). However, the question of whether a mortgage is "something of value" in the hands of a mortgage debtor depends on the particular facts of the case, which are undeveloped in this record.

Further, while the sponsor of a cooperative conversion may offer sponsor financing as an incentive to purchase the unsold shares (*see Matter of Knopf v Abrams,* 174 AD2d 915 [1991]), there is no basis for categorizing such purchasers as ineligible to run for election to the Board of Directors on the ground that they received remuneration from the sponsor or holders of the unsold shares.

Since the petitioners failed to establish, as a matter of law, that the appellant received remuneration, that branch of the petition which was for a judgment declaring that he was not qualified to be elected to the Board of Directors at its annual meeting on February 12, 2008 should not have been granted. Inasmuch as there is insufficient factual development in the record as to whether the appellant's mortgage, in fact, constituted remuneration, no declaration as to his status on the Board of Directors may be issued at this juncture. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.