■ American Stevedoring, Inc., Respondent, v Red Hook Container Terminal, LLC, Appellant, et al., Defendants, et al., Nominal Defendant. [44 NYS3d 26]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about January 15, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on its first cause of action and for legal fees and costs, and denied defendant Red Hook Container Terminal, LLC's motion for summary judgment dismissing the first and tenth causes of action and dismissed its first counterclaim, unanimously modified, on the law, to deny plaintiff's motion as to the first cause of action, to vacate the determination of attorney's fees and costs for plaintiff, and to reinstate defendant's first counterclaim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 15, 2015, which denied defendant's motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable order. Appeal from order,

same court and Justice, entered October 15, 2015, which denied defendant's motion for leave to renew, unanimously dismissed, without costs, as academic.

Plaintiff failed to demonstrate that it had the legal right to use any of the three locations owned by others that it designated for defendant's delivery, via numerous wide-body trucks weighing many tons each, of the 130 pieces of heavy stevedoring equipment defendant had leased from it. Although the equipment lease did not give defendant discretion to refuse to return the equipment to a designated location within 20 miles of the Red Hook Container Terminal, defendant need not comply with contract provisions that require a violation of law, such as trespass (see Prote Contr. Co. v Board of Educ. of City of N.Y., 230 AD2d 32, 40 [1st Dept 1997]; see also Spivak v Sachs, 16 NY2d 163, 167 [1965]). There are issues of fact as to the first cause of action and neither party is entitled to summary judgment. Further, because no breach has yet been established, neither party at this juncture is entitled to its reasonable attorneys' fees and costs pursuant to the lease.

Contrary to the motion court's conclusion, defendant did not waive the illegality defense by not raising it in its pleadings. On prior motions defendant had raised the argument that it should not be forced to commit trespass, and plaintiff had responded to the argument. Because plaintiff therefore was not surprised or prejudiced by its assertion, the defense may be entertained (see Spiegel v 1065 Park Ave. Corp., 305 AD2d 204, 205 [1st Dept 2003]).

Summary judgment dismissing the tenth cause of action is precluded by issues of fact whether defendant properly stored the equipment and whether it improperly used the equipment.

Defendant's first counterclaim is reinstated. In light of our conclusion that neither party is entitled to summary judgment on the first cause of action, we need not decide whether defendant is entitled to storage fees as a measure of damages for plaintiff's breach of the lease agreement.

We have considered the parties' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.