Bellstell 7 Park Ave., LLC v Seven Park Ave. Corp. (2021 NY Slip Op 00487)





Bellstell 7 Park Ave., LLC v Seven Park Ave. Corp.


2021 NY Slip Op 00487


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 157228/17 Appeal No. 12968 Case No. 2020-02833 

[*1]Bellstell 7 Park Avenue, LLC, Plaintiff-Respondent,
v
The Seven Park Avenue Corporation, Defendant-Appellant.


Boyd Richards Parker & Colonnelli, P.L., New York (Bryan J. Mazzola of counsel), for appellant.
Rose & Rose, New York (James E. Bayley of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered January 3, 2020, which granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment, unanimously affirmed, without costs.
The motion court properly granted plaintiff's motion for summary judgment and declared, "Campagnoli's occupancy of an apartment leased by Bellstell did not extinguish the apartment's 'unsold share' status under ¶¶ 38 and 40 of the uniform co-op lease" and properly denied defendant's motion.
We affirm the motion court's award of summary judgment to plaintiff and its narrower declaration that "Campagnoli's occupancy of an apartment leased by Bellstell did not extinguish that apartment's 'unsold share' status under ¶¶ 38 and 40 of the uniform co-op lease" for the reasons that follow.
We start with the principle that "the terms of the controlling documents . . . determine whether plaintiffs are holders of unsold shares" (Kralik v 239 E. 79th St. Owners Corp.,5 NY3d 54, 59 [2005]). While the cooperative argues that "any individual who is identified as a principal of the entity in the related regulatory filings with the Attorney General" should be deemed "family" for the purpose of paragraph 38 (and presumably, in turn, their family members, a "family" which could end up encompassing hundreds of people), nothing in the proprietary lease suggests this interpretation. In any event, this definition does not apply conclusively to Campagnoli, who was not listed as a principal of Bellstell in the twenty seventh amendment to the offering plan.
Significantly, the cooperative acknowledges that at the time the proprietary lease was drafted in 1982, federal regulations precluded the ownership of cooperative shares by entities, which was amended in 1986 (Tax Reform Act of 1986, PL 99—514, amending 26 USC § 216[a]), but critically, the cooperative never sought to make the concomitant change to the proprietary lease. Thus, if the cooperative wanted to define who constituted a "family member" of an entity, or to require an entity to designate a natural person for the purposes of paragraph 38 in the proprietary lease, paragraph 6 provides that the proprietary lease could be amended by a vote of 75% of the shares, and defendant is still free to put such a proposal to a vote of the shareholders.
That the cooperative never amended the proprietary lease after the enactment of the Tax Reform Act of 1986 allowing for entities to hold stock in cooperatives, or in the two decades following the transfer of the unsold shares to Bellstell, militates against giving the cooperative any interpretative advantage (151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734 [1984]). Thus, we find only that the plain terms of paragraph 38(b) do not encompass Campagnoli, who, on this record, cannot be deemed a member of Bellstell's "family." As Bellstell argues, the fact that Campagnoli occupied the apartment under a sublease rather than as of right also [*2]militates against deeming him a member of Bellstell's "family."
As for the cooperative's contention that paragraph 38 is void under our decision in Pastena v 61 W. 62 Owners Corp. (169 AD3d 600 [1st Dept 2019]), we decline to reach it because it is not encompassed in the pleadings and raised for the first time on appeal (P.T. Bank Cent. Asia v Chinese Am. Bank, 229 AD2d 224, 229 [1st Dept 1997]). Were we to reach it, we would find it unavailing, as Pastena dealt with the section of paragraph 38 relating to privileges granted to "original purchasers" rather than subsequent holders of unsold shares (citing Spiegel v 1065 Park Ave. Corp., 305 AD2d 204 [1st Dept 2003]). In Spiegel, we determined that "original purchasers" (as distinct from holders of unsold shares), could not enjoy a special status without violating Business Corporation Law § 501(c) by creating a separate class of stock from ordinary shareholders who did not purchase from the sponsor (id.). This did not render the entirety of paragraph 38 void, however, as holders of unsold shares are routinely granted special privileges in exchange for their regulatory obligations, as they are, de facto, a different class of stock than an ordinary purchaser (Matter of Tiemann Place Realty, LLC v 55 Tiemann Owners Corp., 141 AD3d 56, 63 [1st Dept 2016], citing Rego Park Gardens Assoc. v Rego Park Gardens Owners, 174 AD2d 337, 340 [1st Dept 1991], lv denied 78 NY2d 859 [1991]).
The cooperative's acknowledgement that it would be "undesirable and unreasonable" to read paragraph 38 to preclude entities from being designated as holders of unsold shares in the first instance, because it would "not account for modern practicalities," reflects that the resolution of the dispute before us is best addressed through an amendment to the proprietary lease. We decline to read into the proprietary lease a provision that is not suggested by its terms (Kralik, 5 NY3d at 59). Thus, the motion court properly determined that defendant failed to demonstrate as a matter of law that Campagnoli's occupancy of the apartment extinguished plaintiff's status as the holder of unsold shares under the proprietary lease, and on this record, we affirm the declaration that "Campagnoli's occupancy of an apartment leased by Bellstell did not extinguish that apartment's 'unsold share' status under ¶¶ 38 and 40 of the uniform co-op lease."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021