Tsui v Chou (2022 NY Slip Op 02082)





Tsui v Chou


2022 NY Slip Op 02082


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 652840/13 Appeal No. 15587-15587A Case No. 2021-01592 2021-02662 

[*1]Winne Tsui et al., Plaintiffs-Respondents,
v
Katherine Chou et al., Defendants-Appellants, The Board of Managers of Empire Condominium et al., Defendants. 


D'Agostino, Levine, Landesman, Lederman, Rivera & Sampson, LLP, New York (Bruce H. Lederman of counsel), for appellants.
Lachtman Cohen P.C., New York (Brian S. Cohen of counsel), for respondents.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered July 19, 2021, after a nonjury trial, insofar appealed from as limited by the briefs, enjoining defendant sponsor, Katherine Chou (the sponsor), and the sponsor-affiliated defendants, Robert Chou and Rita Chou (together with the sponsor, defendants), from holding more than two seats on the condominium's board of managers for the next six board elections and directing the sponsor to amend the offering plan to state that certain units were not offered for sale, unanimously affirmed, with costs. Appeal from underlying order, same court and Justice, entered on or about April 9, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court, in a thorough posttrial decision, providently exercised its discretion to fashion appropriate injunctive relief after trial by prohibiting the sponsor or her immediate family, including Robert Chou (who is the sponsor's husband) and Rita Chou (who is the sponsor's daughter), from seeking election to more than two seats on the condominium's board of managers for six elections, since the sponsor expressly agreed to relinquish control of the board in the offering plan and bylaws (see 829 Park Ave. Corp. v LaBruna, 109 AD2d 608, 609 [1st Dept 1985]). Because this action was brought as a plenary action for breach of fiduciary duty and breach of contract, the trial court was not limited to granting relief within the confines of Business Corporation Law § 619. In any event, the trial court has the authority under § 619 not only to confirm an election or order a new election, but also to "take such other action as justice may require," including the authority to "decide any matters which would necessarily pertain to or affect an election's outcome, such as voting rights" (Matter of Schmidt [Magnetic Head Corp.], 97 AD2d 244, 252 [2d Dept 1983]).
Further, a trial court is within its authority to grant relief prohibiting a sponsor from "frustrat[ing] its obligations under the offering plan . . . by transferring its shares to puppet entities to s[i]phon votes away from resident shareholder candidates in order to control the board well beyond the period contemplated by the Attorney General" (Matter of Tiemann Place Realty, LLC v 55 Tiemann Owners Corp., 141 AD3d 56, 62 [1st Dept 2016]). The trial court's limitation of allowing defendants to hold a maximum of two seats on the board for six elections simply enforces the bylaws, thus precluding the sponsor's domination of the board and breaking the years-long deadlock that was the result of the sponsor's and Robert Chou's refusal to stand for election long after their three-year terms had expired (id.). Defendants are not prohibited from voting their respective interests appurtenant to the units they own; rather, they are prohibited only from voting for seats that would give the sponsor control over the board, as expressly foreclosed by both the offering plan and the [*2]bylaws article III, section 1 (see Mundiya v Beattie, 2 AD3d 317, 318 [1st Dept 2003]).
Although defendants object to the judgment's directive requiring the sponsor to amend the offering plan to state that she had removed certain unsold units from the public offering before she can cast votes appurtenant to those units, that objection is rendered moot by the filing of the amendment (see Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Even if the objection was not moot, the relief granted was an appropriate exercise of the trial court's discretion (see Saperstein v Lewenberg, 11 AD3d 289, 289 [1st Dept 2004]). Under the offering plan — which defendants do not dispute is a contract — the sponsor was required to disclose, among other things, which units were offered for sale and whether the sponsor maintained control of the board (13 NYCRR 20.3 [c] [1], [2]; see Kralik v 239 E. 79th St. Owners Corp., 5 NY3d 54, 59 [2005]). The sponsor testified at trial that she intended to continue to sell units, thus contradicting defendants' assertion on appeal that the amendment was not required because the sponsor intended for the offering plan to "go stale."
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022