OPINION OF THE COURT
Per Curiam.
Order dated September 3, 1999 reversed, with $10 costs, and *605 tenant’s motion to dismiss the holdover petition is denied.
Civil Court erred in dismissing the holdover petition for failure to state a cause of action. The proceeding is premised upon tenant’s breach of the following lease provision:
“You shall use the apartment for living purposes only. The apartment may be occupied by the tenant or tenants named above and by the immediate family of the tenant or tenants and by occupants as defined in and only in accordance with Real Property Law §235-f.”
Tenant admits that three roommates reside within the premises, a four-bedroom apartment. However, the court found no cognizable lease violation since the lease does not contain any express occupancy limitation and the statute, Real Property Law § 235-f, is permissive and does not restrict existing rights of tenants and occupants (citing Capital Holding Co. v Stavrolakes, 242 AD2d 240, affd 92 NY2d 1009).
Unlike Capital Holding (supra), this possessory proceeding is premised upon a breach of the parties’ own lease, not the statutory provisions of section 235-f. Indeed, Capital Holding states that its ruling “will not restrict landlords from setting reasonable occupancy limitations in leases, or prevent them from enforcing such lease provisions, so long as they do not violate the minimum protections afforded tenants and occupants under section 235-f’ (242 AD2d 240, 244). While landlord has no direct statutory cause of action to enforce occupancy limitations in the absence of a lease, contracting parties are not precluded from referencing section 235-f in their lease or setting “reasonable” limitations “in accordance with” its minimum protections as described in subdivisions (3) and (4). To hold otherwise would effectively render this lease provision meaningless, in derogation of the principle that “[a] contract should not be interpreted in such a way as would leave one of its provisions substantially without force or effect” (Joseph v Creek & Pines, 217 AD2d 534, 535). Accordingly, we deny tenant’s preanswer dismissal motion and reinstate the holdover petition.
Tenant’s claim of waiver raises factual issues which cannot be resolved on the motion papers submitted below.