■ ROXBOROUGH APARTMENTS CORP., Respondent, v BRUCE BECKER, Appellant. [745 NYS2d 173] —Order of the Appellate Term of the Supreme Court, First Department, entered December 6, 2000, reversing an order of the Civil Court, New York County (Lucy Billings, J.), entered on or about September 3, 1999, which, in a holdover proceeding, had granted tenant's motion to dismiss the petition, denied tenant's motion and reinstated the petition, unanimously affirmed, without costs.

Appellate Term correctly held that the lease reasonably limited occupancy of the rent-stabilized apartment to one roommate. The lease provided for occupancy "by the tenant or tenants named above and by the immediate family of the tenant or tenants and by occupants as defined in and only in accordance with Real Property Law § 235-f." Real Property Law § 235-f (3) provides that a residential lease "entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant * * *." The lease at issue bore the name of and had been signed by one tenant. Landlord's possessory proceeding is based on breach of the lease provision, not section 235-f itself.

We note that respondent's tenancy in this four-bedroom apartment dates to 1977. The then-owner apparently allowed respondent to share the premises with three roommates. The former owner sold to a new owner in 1989 who in 1996 sold to present petitioner. Thus, unless there was a provision in the original lease and all subsequent renewal leases prior to 1989 limiting the number of roommates to one, paragraph 1 of the 1989 lease might be invalid pursuant to Rent Stabilization Code (9 NYCRR) § 2522.5 (g) (1), which requires landlords to offer rent stabilized tenants renewal leases containing the same terms as the expiring lease. Further, even if all prior leases limited the number of roommates to one, there is a question presented as to whether the prior owners waived any rights under the lease regarding occupancy limits, and whether such a waiver would bind the present petitioner.

Accordingly, inasmuch as respondent-tenant has not yet answered the petition, he is free to raise any defenses avail-

able to him. Concur—Tom, J.P., Andrias, Rosenberger, Ellerin and Wallach, JJ. [*See* 187 Misc 2d 604.]