■ Barrett Japaning, Inc., Respondent, v Anna Bialobroda, Appellant, et al., Defendants. [892 NYS2d 35]—

Regardless of whether or not the building is covered by the Multiple Dwelling Law, the so-called roommate law (Real Property Law § 235-f [3]) permits only one occupant in the subject apartment in addition to the lawful tenant and family. While this statute was not intended to provide a remedy for landlords (*see Capital Holding Co. v Stavrolakes*, 242 AD2d 240, 243 [1997], *affd* 92 NY2d 1009 [1998]), the landlord may enforce a lease clause where, as here, it is consistent with the statute (*see Roxborough Apts. Corp. v Becker*, 296 AD2d 358 [2002]). There was no evidence that Bialobroda and her roommates constituted a nontraditional "family" with a long-term relationship, and characterized by emotional and financial commitment and interdependence (*see Braschi v Stahl Assoc. Co.*, 74 NY2d 201, 211 [1989]).

Bialobroda's appeal from the 2008 judgment does not bring up for review the 2006 order, since she seeks to challenge only so much of that order as dismissed her seventh and eighth counterclaims. An appeal from a judgment encompasses any nonfinal determination that necessarily affects the judgment (CPLR 5501 [a] [1]; *see* Siegel, NY Prac § 530, at 910 [4th ed]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.03 [2d ed]). The judgment dealt solely with Bialobroda's roommate claims, and was not affected by the 2006 ruling dismissing—with finality (*see Burke v Crosson*, 85 NY2d 10, 16 [1995])—her counterclaims for breach of warranty of habitability and discrimination. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.