■ LENOX HILL HOSPITAL, Respondent, v 305/72 OWNERS CORP., Appellant. [933 NYS2d 866]—

The proprietary lease at issue requires consent to sublet units and authorizes the imposition of conditions on the granting of such consent. Plaintiff hospital, proprietary lessee in a building owned by defendant, is subject to the same subletting rules applicable to other shareholders (*see Spiegel v 1065 Park Ave. Corp.*, 305 AD2d 204, 205 [2003]). Thus, the part of the second cause of action that seeks a declaration that defendant does not have a right to require that plaintiff ask permission to sublet or meet any specific requirements regarding subletting should have been dismissed.

Moreover, even assuming that plaintiff is entitled to a declaration that the arrangements under which its employees occupy the cooperative apartments at issue are not sublets, which declaration plaintiff also seeks in its second cause of action, the arrangement nevertheless violates the provision in the proprietary lease governing occupancy. Indeed, plaintiff's employees are not the proprietary lessees, and plaintiff cannot occupy the apartments within the meaning of the proprietary lease (*see Conversion Equities v Sherwood House Owners Corp.*, 151 AD2d 635, 637 [1989]). Contrary to the motion court's finding, the occupancy provision is consistent with Real Property Law § 235-f (2) (*see Barrett Japaning, Inc. v Bialobroda*, 68 AD3d 474, 475 [2009]). Accordingly, the second cause of action fails to state a claim, because the occupancy provision of the proprietary lease "conclusively establishes a defense to the asserted claim[ ] as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.