■ 88 Associates et al., Appellants, v Robert Abrams, as

Attorney-General of the State of New York, Respondent.—
Judgment, Supreme Court, New York County (Beverly S.
Cohen, J.), entered on or about September 12, 1989, which
granted respondent's cross motion to dismiss, unanimously
affirmed, without costs.

In this article 78 proceeding to compel the respondent
Attorney-General to declare effective the cooperative conver-
sion plan, as amended by a fourth amendment, for the prem-
ises located at 11 East 88th Street, New York City, petitioners
appeal from an order of the Supreme Court, New York
County, granting respondent's cross motion to dismiss.

A noneviction offering plan to convert 11 East 88th Street
to a residential cooperative ownership was accepted by the
Attorney-General's office on December 8, 1987. Thereafter, the
offering plan was amended on three occasions and by notice
dated February 9, 1989, the sponsor declared the plan effec-
tive. On February 14, 1989, the sponsor submitted a proposed
fourth amendment to the plan which the Attorney-General's
office rejected in a letter dated March 15, 1989. The sponsor
then instituted this proceeding to compel the Attorney-Gen-
eral to declare the plan effective and accept the fourth amend-
ment claiming that the respondent's office did not send a
notice of determination within 30 days from the date of the
filing.

Contrary to the sponsor's contention, the plain language of
section 352-e (2) of the General Business Law mandates a 30-
day notification period where a building is unoccupied. How-
ever, where a building that is to be converted to cooperative
or condominium ownership is occupied for residential pur-
poses, letters of notification shall be issued not sooner than
four months and not later than six months from the date of
the submission of such filing.

The Attorney-General's notification to the sponsor in this
case was not limited to the 30-day rule. Since notification
must be provided within the two-month window between the
four-and-six-month period, the notification provided herein
was, in fact, premature. This does not automatically void the
notification, however. While the statutory provisions set forth
in section 352-e are generally to be strictly construed (see,
Matter of Gonkjur Assocs. v Abrams, 82 AD2d 683, affd 57
NY2d 853), the statute is in effect remedial and was enacted
to protect the rights of subscribers to a sponsor's offering plan
through review by the Attorney-General's office. Thus, an
early response to such an offering, or as in this case, an
amendment thereto, enures to the benefit of the sponsor who

may thereafter quickly respond and reapply for acceptance. The premature nature of the notification may not, therefore, void the notice of deficiency.

Moreover, since petitioners' challenge is in the form of mandamus, they must come forward with proof that the Attorney-General's action was not discretionary and thus subject to judicial review. Such a showing has not been made in this instance and the Attorney-General's actions are not, therefore, subject to judicial review.

Accordingly, the order appealed from is affirmed and the article 78 petition dismissed. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.