■ STANLEY HILL, as Executive Director of District Council 37, AFSCME, AFL-CIO, et al., Plaintiffs-Appellants, v RUDOLPH GIULIANI, as Mayor of the City of New York, Respondent. [708 NYS2d 855] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered July 8, 1999, which granted defendant's motion to dismiss the first amended complaint as barred by the Statute of Limitations, unanimously affirmed, without costs.

Although the action is claimed to be for declaratory and injunctive relief, it is essentially a CPLR article 78 proceeding in the nature of mandamus to compel, challenging, as violative of McKinney's Unconsolidated Laws of NY § 7386 (1) (a) and (3) (c) (New York City Health and Hospitals Corporation Act [HHC Act] § 6 [L 1969, ch 1016, § 1]), the budget allocations made by the City of New York for the Health and Hospitals Corporation in each of several fiscal years. Accordingly, the applicable Statute of Limitations is four months from the time that the budget for each fiscal year was adopted (*see, New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194), and the action was properly dismissed as untimely. Dismissal is also warranted on the ground that no private right of action exists under McKinney's Unconsolidated Laws of NY § 7386 against the Mayor of the City of New York. To hold otherwise would neither promote the purpose of that statute to establish an independent corporation to manage New York City's health facilities nor be consistent with a legislative scheme under which the corporation is to submit a program budget to the City in time for inclusion in the Mayor's budget, at least where, as here, there is no showing that the corporation ever submitted to the City a program budget that was rejected (*see, McKinney's Uncons Laws of NY § 7382 [HHC Act § 2]; 7386 [1]; Carrier v Salvation Army*, 88 NY2d 298). Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ.