■ ACADEMY STREET ASSOCIATES, INC., et al., Appellants, v ELIOT SPITZER, as Attorney General of the State of New York, Respondent, et al., Defendant. [845 NYS2d 237]—

---

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered June 19, 2006, which, to the extent appealed from as limited by the briefs, granted defendant Attorney General's motion to dismiss the first and second causes of action as untimely, and denied plaintiffs' motion for summary judgment, unanimously affirmed, without costs.

The cause of action seeking an order directing that an amendment to a condominium offering plan be deemed accepted by the Attorney General is claimed to be for declaratory relief, but is actually in the nature of a CPLR article 78 petition seeking mandamus to compel, and is thus governed by a four-month statute of limitations (CPLR 217; *see also Hill v Giuliani*, 272 AD2d 157 [2000]). Although the Attorney General failed to respond to plaintiffs' proposed amendment to the offering plan within the 30-day statutory period (General Business Law § 352-e [2]), plaintiffs did not commence the instant action until almost a year after the 30-day period expired. An article 78 proceeding seeking mandamus to compel accrues even in the absence of a final administrative determination (*see Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 119 AD2d 579 [1986]). Contrary to plaintiffs' suggestions, the alleged actions of the Attorney General in assuring plaintiffs' counsel that the amendment to the offering plan would be dealt with in the near future do not rise to the level of affirmative wrongdoing so as to equitably estop said defendant from asserting the statute of limitations defense (*see Joseph Gaier, P.C. v Iveli*, 287 AD2d 375 [2001]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Williams and Buckley, JJ.

McGuire, J., concurs in a separate memorandum as follows: The Attorney General failed to act within 30 days on the proposed amendment and continued in that failure to act at all relevant times thereafter. However, plaintiffs do not argue that the ongoing failure of the Attorney General to act constitutes a continuing violation that would toll the running of the statute of limitations. Accordingly, our affirmance should not be construed to express any opinion on the possible application of the continuing violation doctrine (*see generally Selkirk v State of New York*, 249 AD2d 818 [1998]).