(June 14, 2011)

■ EAST MIDTOWN PLAZA HOUSING COMPANY, INC., Appellant, v ANDREW M. CUOMO, as Attorney General of the State of New York, et al., Respondents. EAST MIDTOWN PLAZA TENANT-COOPERATOR ASSOCIATION, Intervenor-Appellant; EAST MIDTOWN PLAZA MITCHELL-LAMA ORGANIZATION, Intervenor-Respondent. [926 NYS2d 404]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 16, 2010, which denied East Midtown Plaza Housing Company, Inc.'s petition to compel, among other things, the New York City Department of Housing Preservation and Development to approve its plan to privatize a Mitchell-Lama development and to compel Andrew Cuomo, Attorney General of the State of New York, to accept for filing, its second amendment to a cooperative offering plan, and dismissed this CPLR article 78 proceeding, affirmed, without costs.

Supreme Court properly determined that article 23-A of the General Business Law, commonly referred to as the Martin Act, applies in this case, and that the Attorney General therefore has jurisdiction over this matter. Given that current shareholders of petitioner are being offered shares in a new private entity, with different rights and liabilities, petitioner's plan to dissolve and/or reconstitute is a "public offering or sale . . . of securities" within the meaning of General Business Law § 352-e.

The court correctly determined that the Attorney General properly rejected petitioner's second amendment to the offering plan. The second amendment inaccurately stated that petitioner's privatization plan had passed, based on a per-share vote counting method, when, in fact, it had not passed in accordance with the New York City Department of Housing Preservation and Development's (HPD) required per-apartment method. It is within the Attorney General's discretion under General Business Law § 352-e to reject an offering plan amendment on the basis that it makes an untrue or misleading statement (*see* General Business Law § 352-e [1] [b]; *see also Academy St. Assoc. v*

*Spitzer*, 50 AD3d 271 [2008]). Moreover, petitioner is not entitled to an order directing the Attorney General to accept its second amendment for filing. Since such a request is in the nature of mandamus, petitioner "must come forward with proof that the Attorney-General's action was not discretionary" (*88 Assoc. v Abrams*, 159 AD2d 412, 414 [1990], *lv denied* 76 NY2d 702 [1990]). Such a showing has not been made in this case.

The court properly determined that HPD's method for counting dissolution votes, i.e., one vote per shareholder, was rational and lawful. Petitioner's certificate of incorporation specifies that each shareholder shall be entitled to one vote, regardless of the number of shares held by such holder, "except as otherwise provided by statute." The court properly concluded that no statute, including Business Corporation Law §§ 612 and 1001, provides otherwise. Contrary to petitioner's contention, HPD's rule regarding dissolution, 28 RCNY 3-14 (i) (7), is not a statute and, in any event, does not provide that dissolution votes should be counted per share.

Contrary to intervenor-appellant's contention, HPD did not change its policy or rule regarding dissolution in 2008, prior to the shareholder vote on dissolution and/or reconstitution of petitioner. HPD merely clarified its rule. After the shareholders' vote, HPD properly amended the rule pursuant to the City Administrative Procedure Act in order to eliminate any ambiguity created by the wording of the original rule.

Petitioner's challenge to HPD's determination not to accept petitioner's plan to privatize is not time-barred. The four-month statute of limitations pursuant to CPLR 217 began to run when the Attorney General, based on HPD's interpretation of its own rules and the Business Corporation Law, refused to accept petitioner's second amendment to the offering plan (*see Academy St. Assoc., Inc. v Spitzer*, 44 AD3d 592, 593 [2007]). Petitioner commenced this action 15 days prior to the Attorney General's refusal. Accordingly, petitioner's action was timely. Concur—Gonzalez, P.J., Andrias and Richter, JJ.

McGuire, J., dissents in a memorandum as follows: I respectfully dissent. Petitioner's plan to exit the Mitchell-Lama program does not entail a "public offering or sale . . . of securities" within the meaning of the relevant section of the Martin Act (General Business Law § 352-e [1] [a]). The Attorney General's arguments based on precedents construing federal statutes governing the sale of securities are unpersuasive and petitioner is not estopped or otherwise precluded from disputing the applicability of section 352-e (1) (a) (*see Matter of Walker*, 136 NY 20, 29-30 [1892]; *Cutting Room Appliances Corp. v*

*Finkelstein*, 33 AD2d 674 [1969]). Accordingly, the petition seeking a declaration that the Attorney General lacks jurisdiction should be granted. **[Prior Case History: 2010 NY Slip Op 30532(U).]**