Matter of Malone v City of New York (2021 NY Slip Op 01512)





Matter of Malone v City of New York


2021 NY Slip Op 01512


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 151185/19 Appeal No. 13340-13340A Case No. 2019-2115 2019-2116 

[*1]In the Matter of Stephen Malone, et al., Petitioners-Appellants,
v
The City of New York, et al., Respondents-Respondents.


Law Office of Craig L. Sheldon, Long Island City (Craig L. Sheldon of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for respondents.



Orders, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 14, 2019 and March 4, 2019, which denied petitioners' motion for a preliminary injunction and directed entry of a judgment dismissing the proceeding, and, in effect, granted reargument and, upon reargument, adhered to the prior determination, unanimously affirmed, without costs.
The article 78 court correctly dismissed the proceeding brought by six horse-drawn carriage owners and operators to annul a rule recently promulgated by respondent New York City Department of Transportation (34 RCNY 4-12[t]) that relocated passenger boarding areas from the perimeter of Central Park to designated areas inside the park.
Respondent did not exceed its authority in enacting the rule. Administrative Code of the City of New York § 19-174(a) expressly vests it with the authority to "designate by rule specific locations . . . which shall be the sole locations where passengers may board horse drawn cabs."
Nor does the rule lack a rational basis (see Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 254-255 [2004]; Price v New York City Bd. of Educ., 51 AD3d 277, 289-90 [1st Dept 2008], lv denied 7 NY3d 702 [2008]). Limiting the boarding of carriages to restricted areas inside Central Park, where public vehicular traffic is not permitted, reduces the amount of time that horses will be near vehicular traffic and limits any potential conflict with vehicles, while promoting the safety and well-being of the horses, carriage passengers, and motor vehicle occupants. Contrary to petitioners' argument, respondent's alleged lack of expertise in horse health is of no consequence, given its expertise in managing traffic and authority to do so (see New York City Charter § 2903[a]). Respondent enacted the rule at the specific request of the Department of Health and Mental Hygiene, which has expertise in animal health, and the rule was supported by, among others, the American Society for the Prevention of Cruelty to Animals, which has the authority to enforce laws and regulations relating to the humane treatment of horses (see Administrative Code §§ 17-334[c]; 20-381.1[e]). Moreover, while impact studies can provide a rational basis for a rule, they are not required (see Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health, 85 NY2d 326, 332 [1995]).
Petitioners' claim that respondents violated the City Administrative Procedure Act (New York City Charter §§ 1041-1047) by failing to conduct a specific type of outreach to the horse carriage industry (see id. § 1043[e][i]) is barred by the very provision they cite, which expressly precludes a private right of action to enforce the Act's provisions (see generally Matter of George v Bloomberg, 2 AD3d 294 [1st Dept 2003], lv denied 2 NY3d 707 [2004]; Hill v Giuliani, 272 AD2d 157, 157 [1st Dept 2000]; cf. Matter of Patrolmen's Benevolent Assn. of the City of N.Y. v de Blasio[*2], 171 AD3d 636, 636 [1st Dept 2019] [article 78 review not precluded where "statute creates protected rights and does not explicitly prohibit a private right of action"], lv dismissed 35 NY3d 979 [2020]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021